UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Cortney Shaquan Shields,<br><br>    Defendant.<br>_____/ | Case: 2:22−cr−20159<br>Assigned To : Steeh, George Caram<br>Referral Judge: Patti, Anthony P.<br>Assign. Date : 3/22/2022<br>Violations:<br>18 U.S.C. § 1349 |

## **INFORMATION**

THE UNITED STATES ATTORNEY CHARGES:

## **GENERAL ALLEGATIONS**

At all times relevant to this Information:

1.     In response to the novel coronavirus disease (Covid-19) pandemic, the federal government has taken a number of steps to provide urgently needed financial assistance to the States.

2.     The Families First Coronavirus Response Act (FFCRA), which became law on March 18, 2020, provided additional flexibility for State unemployment insurance agencies and additional administrative funding to respond to the Covid-19 pandemic.

3.     The Coronavirus Aid, Relief, and Economic Security (CARES) Act was signed into law on March 27, 2020, and further expanded the ability of the States

1

to provide unemployment insurance (UI) for many workers impacted by the COVID-19 pandemic, including workers who are not ordinarily eligible for unemployment benefits.

4. The Federal Pandemic Unemployment Compensation (FPUC) program was created under the aforementioned statutes and allowed eligible individuals who are collecting certain UI benefits, including regular unemployment compensation, to receive an additional $600 in federal benefits per week for weeks of unemployment ending on or before July 31, 2020.

5. Additionally, the Pandemic Emergency Unemployment Compensation (PEUC) program was created and allows those who have exhausted benefits under regular unemployment compensation or other programs to receive up to 13 weeks of additional federally funded benefits

6. In order to obtain any of the above-referenced benefits, an individual must initiate a claim. The overwhelming majority of unemployment claims have been filed online through state-organized websites. In most cases, in order to be eligible for unemployment benefits, the worker must demonstrate a certain level of earnings in several quarters immediately preceding the application. The amount of unemployment benefits that an unemployment claimant might be eligible for depends on a variety of factors, including, but not limited to, the length of his or her previous employment and the amount of wages he or she earned. However,

under the programs outlined above, certain individuals may be now be eligible for UI benefits (or eligible for a greater amount of UI benefits) than they would be if not for various federal programs.

7. Different states have different ways of providing claimants with UI benefits. Multiple states, including Michigan and California, provide benefits through the use of a prepaid debit card, issued by Bank of America and sent to the claimant through the mail. If a claim is approved, unemployment benefits are loaded onto the debit card(s) electronically, and additional benefits are loaded onto the card(s) electronically every two weeks. Alternatively, a claimant can provide a bank routing number and bank account in which to have their unemployment benefits directly deposited electronically. Additional benefits are then deposited into the bank account electronically every two weeks.

8. Throughout the conspiracy, defendant Cortney Shaquan Shields was confined in the custody of the Bureau of Prisons (BOP)—specifically the Federal Correctional Complex located in Allenwood, Pennsylvania—serving sentence on an unrelated fraud case.

## COUNT ONE
## 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud

Cortney Shaquan Shields

9. The allegations in paragraphs 1 - 8 are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

3

10. Beginning on a date unknown to the government, but at least as early as May 5, 2020, and continuing through at least July 26, 2021, in the Eastern District of Michigan, Southern Division, and elsewhere, Defendant Cortney Shaquan Shields, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree with multiple individuals, known and unknown to the government, to commit wire fraud. That is, the defendants, with the intent to defraud, knowingly devised and executed a scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses and representations.

11. The purpose of the scheme and artifice to defraud was for the defendants to unlawfully obtain state and federal unemployment insurance (UI) benefits. In executing this scheme, the defendants caused the transmission of writings, signals, and sounds by means of wire communication in interstate commerce.

12. It was part of the scheme and artifice that members of the conspiracy would submit false and fraudulent UI benefit claims to more than a twenty states and territories, in the name(s) of various individuals, without those individuals' knowledge or approval.

13. It was further a part of the scheme and artifice that members of the conspiracy would use these individuals' Social Security Numbers and other personally identifiable information (PII) in the course of the UI benefit claim submission process.

14. It was further a part of the scheme and artifice that, for each of the submitted UI benefit claims, members of the conspiracy would falsely certify that the purported claimant was unemployed due to Covid-19.

15. It was further a part of the scheme and artifice that, for each of the submitted UI benefit claims, members of the conspiracy would either (1) cause one of the issuing banks, to include Bank of America to mail a debit card to an address within their control, or (2) associate a fraudulent claim with a bank account controlled by members of the conspiracy. These debit cards (or bank accounts) were then loaded, electronically, with state and federal UI benefits by the various state agencies responsible for administering their respective UI programs.

16. It was further a part of the scheme and artifice that once members of the conspiracy obtained these debit cards, they would use them to make withdrawals from various ATMs in the Eastern District of Michigan.

17. It was further a part of the scheme and artifice that defendant Cortney Shaquan Shields would facilitate aspects of the scheme through communications with co-conspirators via his BOP email account. As a result, members of the conspiracy would re-route a portion of the funds from certain of the fraudulent claims to defendant Cortney Shaquan Shields, via wire transfer into his BOP commissary account.

18. As a result of their scheme, members of the conspiracy fraudulently obtained a total of more than $2,500,000 in unemployment benefit—primarily from the States of Michigan and California.

19. All in violation of Title 18, United States Code, Section 1349

## FORFEITURE ALLEGATIONS

20. The allegations set forth in Count One of this Information are hereby incorporated by reference for purposes of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c).

21. As a result of the forgoing violations of Title 18, United States Code, Section 1349, as charged in Count One of this Information, the Defendant shall forfeit to the United States any property, real or personal, which constitutes, or is derived from, any proceeds obtained, directly or indirectly, as a result of such violation(s), pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c).

22. <u>Substitute Assets</u>: If the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

23. <u>Money Judgment</u>: Upon conviction of the violations alleged in Count One of this Information, the United States will seek a forfeiture money judgment against the Defendant in an amount equal to the total amount of proceeds he obtained as a result of his violations of Title 18, United States Code, Section 1349 as alleged in this Information.

                                          Dawn N. Ison
                                          United States Attorney

                                          *s/John K. Neal*
                                          JOHN K. NEAL
                                          Chief, White Collar Crimes

                                          *s/Ryan A. Particka*
                                          RYAN A. PARTICKA
                                          Assistant U.S. Attorney

                                          *s/Timothy J. Wyse*
                                          TIMOTHY J. WYSE
                                          Assistant U.S. Attorney

Dated: March 21, 2022

(Companion Case information MUST be completed by AUSA and initialed.)

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: R.A.P. |

**Case Title:** USA v. Cortney Shaquan Shields

**County where offense occurred:** Wayne

**Check One:**   ☒ Felony     ☐ Misdemeanor     ☐ Petty

   ___Indictment/___Information --- **no** prior complaint.
   ___Indictment/ ✔ Information --- based upon prior complaint [**Case number:** 21-30407 ]
   ___Indictment/___Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** _____   **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

March 21, 2022
Date

/s/ Ryan A. Particka
Ryan A. Particka
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9635
Fax:    313-226-7823
E-Mail address: ryan.particka@usdoj.gov
Attorney Bar #:

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.