UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

vs.

Cortney Shaquan Shields,

        Defendant.

Case No.  22-cr-20159
Honorable George Caram Steeh

## Stipulated Preliminary Order of Forfeiture

Plaintiff, by and through its attorneys, together with Defendant Cortney Shields ("defendant"), by and through his attorney, Sanford Plotkin, hereby submit this Stipulated Preliminary Order of Forfeiture to the Court, and stipulate and agree to the following:

The defendant's counsel affirms that he has discussed this Stipulated Order with defendant and that defendant consents to the entry of the Stipulated Preliminary Order of Forfeiture.

Based on the Information, the defendant's guilty plea, the Rule 11, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461, **THIS COURT ORDERS** that:

1.      A forfeiture money judgment in the amount of $51,822 is **GRANTED** and **ENTERED** against Defendant Cortney Shields in favor of the United States of

America, which represents the total amount of proceeds that the defendant obtained or derived, directly or indirectly, as a result of his violations of 18 U.S.C. § 1349.

2. To satisfy the money judgment, any assets that Defendant has now, or may later acquire may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2).

3. The following property **IS HEREBY FORFEITED** to the United States under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461: $26,794.11 in funds seized from the defendant's Bureau of Prisons Account, Register Number 55857039 ("Subject Property").

4. The Subject Property **IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

5. The Subject Property constitutes, or is derived, from proceeds traceable to the defendant's 18 U.S.C. § 1349 offense; as such, the requisite nexus exists between the Subject Property and offense of conviction.

6. The United States agrees that after forfeiture of the Subject Property is final, the United States shall apply the proceeds to the defendant's Forfeiture Money Judgment.

7. In entering into this Stipulated Preliminary Order of Forfeiture, the defendant waives his right to have a jury determine the forfeitability of his interest

in the Subject Property as provided by Fed. R. Crim. P. 32.2(b)(5). The defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to defendant at sentencing and the forfeiture of the Subject Property and entry of the Money Judgment shall be made part of the defendant's sentence and shall be included in his Judgment.

9. Upon entry of this Order, the United States, its designee, the Federal Bureau of Investigation, and the U.S. Marshalls Service are authorized, pursuant to Fed. R. Crim. P. 32.2(b)(2) and (3), to seize any property identified above which is not currently in its custody or control, to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

10. Upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish on www.forfeiture.gov, notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property. The United States may also, to the extent

practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property must file a petition with the Court within sixty (60) days of the first date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and any additional facts supporting the petitioner's claim, and the relief sought.

11.  After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

12. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to Defendant at the time of entry and forfeiture of the Subject Property, along with the forfeiture money judgment, shall be made part of the Defendant's sentence in this case and included in the Judgment.

13. If no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2). If a third-party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended Order of Forfeiture and/or a Final Order of Forfeiture that addresses the disposition of any third-party petitions.

14. After this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters a Final Order of Forfeiture that addresses the disposition of any third-party petitions, the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property in such manner as the Attorney General may direct.

15. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

Dated: 10/13/2022

s/George Caram Steeh
Honorable George Caram Steeh
United States District Judge

Agreed as to form and substance:

Dawn N. Ison
United States Attorney

s/Cassandra M. Resposo
CASSANDRA M. RESPOSO
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3211
(313) 226-9736
Cassandra.Resposo@usdoj.gov
IL 6302830

Dated: September 20, 2022

s/Sanford Plotkin (with consent)
Sanford Plotkin
Attorney for Defendant
30445 Northwestern Hwy., Ste. 225
Farmington Hills, MI 48334
(248) 798-5756
sanfordplotkin@gmail.com
P38691

Dated: October 12, 2022

*******************************************