**UNITED STATES DISCTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff**

vs                          Case No. 22-20159
                             Hon. George Careem Steeh

**CORTNEY SHAQUAN SHIELDS,**

                    **Defendant**

## DEFENDANT'S MOTION FOR CLARIFICATION OF SENTENCE AND RULING ON MOTION FOR DOWNWARD VARIANCE

    CORTNEY SHIELDS, through counsel, Sanford Plotkin, hereby requests that the Court clarify its sentencing in this matter, as well as entering its ruling on Defendant's Motion for Downward Variance, which was filed prior to the sentencing hearing in this matter. In support Defendant states as follows:

    1.    On October 20, 2022, this Court sentenced Defendant to a term of 41 months custody ordered to be run consecutive to his current federal custodial term.

    2.    The Defendant filed a Motion for Downward Variance prior to sentencing.

    3.    The grounds for downward variance were thoroughly expanded upon by Defendant and his counsel during the hearing, ultimately arguing for a downward variance to an 18 month sentence.

    4.    The government advocated for a 51 month consecutive sentence to be imposed.

5. The advisory sentencing range was 41-51 months. Because Defendant committed the instant offense while serving a custodial sentence, the Court was required to impose a consecutive sentence.

6. The Court expressed concern about its ability to impose an at least "partially concurrent" sentence. Moreover, when the Court was informed of its inability to impose a concurrent sentence, the Court requested that the parties submit written briefs on the issue.

7. Clearly, the Court was at least contemplating a partially concurrent sentence.

8. In response to the Court's requested legal briefing, the parties asked to approach sidebar. The Court was informed that in fact the law did prohibit a concurrent sentence. However, defense counsel suggested that the Court could still accomplish its objective of imposing a partially concurrent sentence by granting the Motion for Downward Variance. The Court's response to counsel's suggestion was to the effect, "I did not want to do it that way, but ok."

9. The matter then proceeded on the record. The Court proceeded first to impose the extensive conditions of supervised release. The Court then asked the Probation Officer if there were other matters to address. The Probation Officer responded that the Court still needed to impose the custodial sentence.

10. The Court then pronounced its 41 month sentence.

11.  The Court did not formally rule on Defendant's Motion for Downward Variance based in part on childhood trauma and mental health conditions.

12.  Because of the Court's seemingly serious and concerned interest in its ability to run its sentence in at least a partial concurrent fashion, Defendant remains confused and concerned as to whether the Court intended any portion of the 41 month custodial sentence to run concurrent with his present sentence.

13.  The government does not concur in this matter.

WHEREFORE, Defendant Cortney Shields respectfully requests that this Court hereby clarify the procedural status of the imposed sentence, and to formally rule on his Motion for Downward Variance.

                                                    Respectfully submitted,
                                                    **Sanford Plotkin**
                                                    SANFORD PLOTKIN (P38691)
                                                    Attorney for Defendant
                                                    30445 Northwestern Hwy., Ste. 225
                                                    Farmington Hills, MI  48334
                                                    sanfordplotkin@gmail.com
                                                    248-798-5756

November 3, 2022