United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                Hon. George Caram Steeh

v.

                                Case No. 22-20159

D-1 Cortney Shaquan Shields,

        Defendant.

_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION

The government opposes defendant's motion for clarification, not because it opposes clarity *per se*, but because the Court's judgment is clear.

From the bench, the Court sentenced the defendant to 41 months, to be served consecutively with the sentence that he was serving at the time he committed the instant offense. This pronouncement was clear and controlling. *See, e.g., United States v. Cofield*, 223 F.3d 405, 407 (6th Cir. 2000); *United States v. Schultz*, 855 F.2d 1217, 1225 (6th. Cir. 1988). Nonetheless, any possible ambiguity was eliminated by the docketed judgment, which was in accord with the in-court pronouncement. (ECF No. 69, PageID.244.)

Additionally, as per the practice of the district, the Court also circulated a draft judgment via email that included a consecutive sentence of 41 months. Defense

1

counsel replied to that email with essentially the same concerns stated in the instant motion—after which the Court docketed its judgment without alteration from the draft.

With certain limited—and non-applicable exceptions—criminal judgments are final. *See*, *e.g.*, *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006). The Court's judgment speaks for itself. There is no ambiguity in the Court's sentence, and therefore defendant's motion should be denied.

Respectfully submitted,

DAWN N. ISON
United States Attorney


*/s/ Timothy J. Wyse*
Timothy J. Wyse
Assistant U.S. Attorney
(313) 226-9144
211 West Fort, Suite 2001
Detroit, Michigan 48226
Timothy.Wyse@usdoj.gov

Ryan A. Particka
Assistant United States Attorney

Corinne M. Lambert
Special Assistant U.S. Attorney

November 4, 2022